[Criminal No. 246.   Filed March 27, 1908.]

[94 Pac. 1092.]

TOMAS JAIME, Defendant and Appellant, v. TERRITORY OF ARIZONA, Respondent.

1. CRIMINAL LAW—MURDER—SELF-DEFENSE—EVIDENCE—REPUTATION OF DECEASED MUST HAVE BEEN KNOWN TO DEFENDANT.—Defendant, upon trial for murder, admitted the killing but claimed that he acted in self-defense. There was no conflict in the evidence as to the circumstances surrounding the killing; that the deceased was the aggressor but after the first altercation he declined further combat before the fatal shot was fired. Defendant testified that he did not know the reputation of the deceased in the community, or his character as to being a quarrelsome and dangerous man. Held, that it was not error to refuse to permit a witness to testify as to the general reputation of the deceased as a violent and dangerous man.

2. APPEAL AND ERROR—CRIMINAL LAW—ASSIGNMENTS OF ERROR—SUFFICIENCY—SUPREME COURT RULE 7.—Assignments of error that the court erred in not charging fully the law of justifiable homicide, and in not charging on every theory of the case presented by the evidence, is too general to be entitled to notice under Rule 7, supra.

3. CRIMINAL LAW—HOMICIDE—VERDICT—EVIDENCE.—Evidence reviewed and held sufficient to sustain a conviction of murder.

4. APPEAL AND ERROR—CRIMINAL LAW—VERDICT ON CONFLICTING EVIDENCE WILL NOT BE DISTURBED.—Where the record discloses any substantial evidence in support of a conviction based upon conflicting evidence, the verdict will not be disturbed.

APPEAL from a judgment of the District Court of the Fifth Judicial District, in and for the County of Graham. F. S. Nave, Judge. Affirmed.

The facts are stated in the opinion.

H. K. Dial, Attorney for Appellant.

E. S. Clark, Attorney General, for the Territory.

Malice and deliberation must be shown beyond a reasonable doubt. *State* v. *Greenleaf,* 71 N. H. 606, 54 Atl. 38; *Crawford* v. *State* (Tex. Cr.), 70 S. W. 548; *Drake* v. *State,* 45 Tex. Cr. 273, 77 S. W. 7; *Vann* v. *State,* 45 Tex. Cr. 434, 108 Am. St. Rep. 961, 77 S. W. 813. The law of self-defense once put into operation abides throughout the encounter. "Where the defendant shot the deceased, a third shot while he was arising from his fall caused by the second shot, he is not guilty of manslaughter merely because the third shot may have been unnecessary." *Crow* v. *State,* 48 Tex. Cr. 419, 88 S. W. 814. When self-defense is urged, the reputation of the deceased is in issue. "Where the evidence leaves it in doubt as to who was the aggressor, evidence of reputation of deceased for violence is admissible." *People* v. *Lamar,* 148 Cal. 564, 83 Pac. 993; *State* v. *Hunter,* 118 Iowa, 686, 92 N. W. 872; *Commonwealth* v. *Booker,* 25 Ky. Law Rep. 1025, 76 S. W. 838; *State* v. *Crawford,* 31 Wash. 260, 71 Pac. 1030; *People* v. *Gaimari,* 176 N. Y. 84, 68 N. E. 112; *Andrews* v. *State,* 118 Ga. 1, 43 S. E. 852. If the killing took place under circumstances that could afford the slayer no reasonable grounds to believe himself in peril, he could derive no advantage from the general character of deceased for turbulence and revenge. But if the circumstances of the killing were such as to leave any doubt whether he had not been more actuated by the principle of self-preservation than that of malice, it would be proper to admit any testimony calculated to illustrate to the jury the motive by which he had been actuated. *State* v. *Ellis,* 30 Wash. 369, 70 Pac. 963; *Hobach* v. *State,* 43 Tex. 242; *Daniel* v. *State,* 103 Ga. 202, 29 S. E. 767; *State* v. *Graham,* 61 Iowa, 608, 16 N. W. 743; *Payne* v. *Commonwealth,* 1 Met. (Ky.) 370; *Moriarty* v. *State,* 62 Miss. 654; *State* v. *Elkins,* 63 Mo. 159. The defendant's testimony made the evidence tendered relevant and material.

*State* v. *Cushing,* 14 Wash. 527, 53 Am. St. Rep. 883, 45 Pac. 145.

"Uncommunicated threats are admissible where there is doubt as to who was the aggressor." *Sinclair* v. *State,* 87 Miss. 330, 112 Am. St. Rep. 446, 39 South. 522, 2 L. R. A., N. S., 553. "Threats of deceased are admissible, though no hostile demonstration by him is shown, to rebut the presumption of malice from arming by accused." *Sinclair* v. *State,* 87 Miss. 330, 112 Am. St. Rep. 446, 39 South. 522, 2 L. R. A., N. S., 553. "Where the plea is self-defense, the defendant has the right to show any facts tending to prove his good faith of his belief that he was in danger." *Cole* v. *State,* 48 Tex. Cr. 439, 88 S. W. 341; *Allison* v. *United States,* 160 U. S. 203, 16 Sup. Ct. 252, 40 L. Ed. 395; *Meuly* v. *State,* 26 Tex. Cr. App. 274, 8 Am. St. Rep. 477, 9 S. W. 563.

DOAN, J.—The appellant was indicted by the grand jury of Graham county, at the April term of the district court, 1907, for the crime of murder. He was tried and found guilty, and sentenced to serve a life term in the territorial prison.

From the judgment of the trial court, and the denial of his motion for a new trial, he has appealed, and has assigned as errors: (1) The court erred in not permitting the defendant to prove that deceased bore the reputation in the community in which he lived of being a violent and dangerous man. (2) The court erred in not permitting the defendant to prove uncommunicated threats made by deceased. (3) The court erred in not charging fully the law of justifiable homicide. (4) The court erred in not charging on every theory of the case presented by the evidence. (5) The court erred in overruling defendant's motion for a new trial.

The evidence in this case shows that some time before 7 o'clock A. M. on the 27th day of December, 1906, the deceased, Jose Maria Herrera, came to the house of Cirprina Cortez, in the town of Morenci, and called the defendant, Tomas Jaime, to come out and bring his gun with him, that he had one too. Then the defendant got his gun and went out to where the deceased was waiting, and they both went off together directly through the town of Morenci toward the place where defendant was employed, and over the road that he traveled each day to and from his work. Deceased and defendant each had a pistol, and a miner's candle-stick, and

each carried his lunch can in his hand. One witness testified that the two men were going along together when he saw the deceased make a grab for the defendant; that he had a miner's candle-stick in his hand, and made a motion like he was going to hit the defendant, and defendant jerked out his pistol and shot him. After the shot was fired a number of parties attracted by the noise looked in the direction from whence it came, and saw the defendant fire two more shots at deceased. The defendant testified that the deceased had threatened to kill him, and, while armed, had offered a party $5 if he would bring defendant out of the house on a certain occasion. The defendant admitted the killing, but claimed that he did it in self-defense.

The first assignment, that "the court erred in not permitting the defendant to prove that deceased bore the reputation of being a violent and dangerous man," is urged upon the ground that, "where any evidence tends to show that the defendant acted in self-defense, the reputation of the deceased can be put in issue, for the reason that, where the circumstances of the killing were such as to leave any doubt whether the defendant had been actuated by the principle of self-preservation rather than that of malice, it would be proper to admit any testimony calculated to illustrate to the jury the real motive by which he had been actuated." *State* v. *Ellis*, 30 Wash. 369, 70 Pac. 963; 1 Wigmore on Evidence, 63, 246. The record, however, fails to show the exclusion of the evidence, but, on the contrary, shows that the defendant testified at length on this subject, and stated that he did not know either the reputation in the community or the character of the deceased as to being a quarrelsome or dangerous man, and, after defendant's counsel had exhausted the subject, the court followed with searching leading questions that would not have been permitted by counsel, with the same result. Certainly the defendant had the benefit of the full limit permitted by the most liberal construction of the law in this particular. The only adverse ruling of the court on this subject was the refusal to admit testimony of a witness as to the general reputation of deceased after the defendant had so testified, upon objection urged that, as defendant did not know such general reputation, the testimony was immaterial. There being no conflict in the evidence as to the circumstances of the killing, the testimony of the witnesses

for the defense that the deceased was the first aggressor being uncontradicted, as was likewise that of the witnesses for the prosecution that after the first altercation the deceased had declined further combat before the fatal shot was fired, the ruling was correct.

The second assignment, that "the court erred in not permitting the defendant to prove uncommunicated threats made by the deceased," is not supported by the record. The only citation given in counsel's brief are two instances wherein testimony was admitted, and a careful examination of the entire testimony as presented in the reporter's transcript disclosed no ruling of the court excluding any testimony of this character that was offered.

The third and fourth assignments of error are too general to be entitled to notice under rule 7 of this court (8 Ariz. xi, 71 Pac. viii), but in consideration of the gravity of this case we have examined the charge of the court, and not only find that it correctly states the law of the case, and sufficiently and fully charges the law of justifiable homicide, but that the counsel for the defendant did not request any further or fuller instructions on that feature of the case at the time of the trial.

The fifth error assigned is the order denying the motion for a new trial, based upon the ground that the verdict was contrary to the law and the evidence, and in support of this the counsel for the appellant urges in his brief the insufficiency of the evidence to sustain the verdict and judgment. Four witnesses whose attention had been attracted by hearing the first shot testified that deceased was attempting to run from defendant, who was following him, and that, after the second shot that was fired by defendant while eight or ten steps in the rear, the deceased staggered, and fell, and that when defendant, following the deceased, came up to his body, he fired the last shot into the body as it lay upon the ground. The surgeon who examined the wounds immediately after the occurrence, and again after the death of deceased, testified that two wounds made by one bullet were found in one arm, one bullet entered the hip, and that one bullet entered the back near the spine, and came out in front just below the ribs, and was the cause of death. This furnishes ample evidence to support the verdict and judgment under the rule to which we have invariably adhered, that this court will not disturb a verdict or finding based upon conflicting

testimony where the record discloses any substantial evidence in support thereof.

The judgment of the lower court is affirmed.

KENT, C. J., and SLOAN and CAMPBELL, JJ., concur.